UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUELINE SCHRAMM,

        Plaintiff,

   v.

Case No. 22-cv-1512-pp

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff is not employed, she is married, and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff's husband is employed, and his gross monthly income is $4,000. Id. at 2. The couple's listed monthly expenses total $4,084.43 ($840 mortgage, $250 car payments, $150 credit card payments, $1,731.67 other

1

household expenses, $400 car insurance, $55 student loan processing fee, $230.64 medical insurance, $427.12 401k loan payment). Id. at 2-3. The couple owns two cars: a 2014 Chevy Impala worth approximately $5,000, and a 2008 Buick Rendezvous worth approximately $1,200; they own their home, with approximately $60,000 in equity; the plaintiff's husband has approximately $2,370 in checking and savings accounts; and they have a 401k of approximately $100,000. Id. at 3-4. The plaintiff states, "Two of our adult children still remain in our home which adds additional expense. What money we have in our checking and savings accounts are going towards bills we have yet to pay as well as to repairs to our home (bathroom and roof repairs). I will need to have dental surgery in the near future." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied social security disability benefits for lack of disability, that she is disabled and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 16th day of December, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:22-cv-01512-PP   Filed 12/16/22   Page 3 of 3   Document 5